MILLARD E. BROWN vs. ABINGTON SAVINGS BANK.

Plymouth.   October 28.— 30, 1875.   WELLS, COLT & MORTON, JJ.,
absent.

In an action against a savings bank, on an account annexed, to recover the amount
of a deposit, the book of deposit is admissible in evidence at least to show the
amount of the plaintiff's money received by the defendant, although the book con-
tains printed conditions of deposit and payment.

Exceptions which are certified by the judge, who presided at the trial, not to have
been saved or taken at the trial are not open in this court.

CONTRACT on an account annexed, to recover $793.23 and in-
terest, money had and received to the plaintiff's use.   At the
trial in the Superior Court, before *Aldrich*, J., the jury returned
a verdict for the plaintiff, and the defendant tendered to the
judge a bill of exceptions, in substance as follows:

The plaintiff had given the defendant notice to produce at the
trial the book of deposit numbered 2,890, containing an account
of deposits and interest accrued thereon, in the name of the
plaintiff, the items being the same contained in the account an-
nexed to the plaintiff's declaration, together with printed condi-
tions of deposit and payment.   The defendant's counsel stated
that they had the book in court, but objected to producing it.
The judge ruled that refusal to produce the book would entitle
the plaintiff to introduce secondary evidence of its contents.   The
book was handed to the plaintiff's counsel, the defendant reserv-
ing an objection to its admissibility, and protesting that neither
the book nor its contents were admissible as evidence under the
declaration.   The judge overruled the objection, and admitted
the book, to which the defendant thereupon excepted.   The book
was then used throughout the trial, and went to the jury.

The defendant produced an order signed by the plaintiff, ad-
dressed to the treasurer of the defendant corporation, as follows:
"September 16, 1874.   For value received pay to James Brown
or order $793.22, on my deposit with said bank; and he is hereby
authorized to receipt for the same in my name."   There was evi-
dence in the case tending to show that the plaintiff, when a minor,
had signed said order in blank, and delivered it to his father,
James Brown, who then had possession of the said deposit book,

and given said James Brown authority to fill up said order; that said Brown went to the defendant bank and procured a loan, depositing said book as security therefor with the bank, and about seven months after the plaintiff became of age, said loan to said bank being then over due, the plaintiff delivered to said bank a notice, dated July 17, 1874, forbidding the bank to pay over the money on deposit in his name to any other person, and revoking any order previously given, and also a few days afterwards sent to James Brown a notice, dated July 23, 1874, revoking any order made during minority, and demanding any bank book or other evidence of debt in the possession of James Brown. James Brown (about two months after said notice was delivered to the bank) filled up said blank order with the amount, and dated the same, and the next day presented said order to the bank, and the amount of said deposits was thereupon paid to James Brown, and by him applied to the payment of notes to said bank, for which said book had been held as collateral, and said payment was entered in said deposit book. The treasurer of said bank testified that at the time of said payment upon said order, he supposed said order was executed upon the day of its date, and paid the same in good faith in the ordinary course of business.

Before proceeding to address the jury, the defendant's counsel asked the judge to rule, " that if the defendant paid the deposits in good faith upon the order produced, and entered such payment in the deposit book, any legal defect in the order, not brought to the notice of defendant at the time of such payment, will not avail the plaintiff as against such payment." The judge declined so to rule, but ruled, " that if the order upon which the payment was made was a forgery, the bank would not be protected, though the payment was made in good faith, without notice of the defect, and such payment entered in said deposit book." To which the defendant thereupon excepted.

The judge wrote and signed the following certificate on this bill of exceptions : " The first of the foregoing exceptions is allowed. The second exception is disallowed, on the ground that it was not saved or taken at the trial, until after the verdict had been returned."

*P. Simmons & A. Mason,* for the defendant. 1. The book of deposit was not admissible in evidence under the declaration

The printed conditions of deposit and payment constituted a special contract which should have been declared on. *Wall* v. *Provident Institution for Savings*, 3 Allen, 96. Gen. Sts. *c.* 129, § 2, *cl.* 9.

2. The instruction was erroneous. *Levy* v. *Franklin Savings Bank*, 117 Mass. 448.

*W. H. Osborne & H. Kingman*, for the plaintiff.

BY THE COURT. The book of deposit was admissible in evidence, at least to show the amount of the plaintiff's money received by the defendant, and it does not appear to have been admitted for any illegal purpose. The exception to the instructions is certified by the presiding judge not to have been saved or taken at the trial, and is therefore not open to the defendant.

*Exceptions overruled.*